By the Court.
Oakley, Ch. J.
The first question arises upon the devise of the house and lot in Hague-street, and the other lands which Mrs. Clarke had sold and conveyed before she made her will, and had received mortgages for the purchase money. It is contended, on the part of the defendant, that the lands did not pass under the devise, because she had no title, in them, and that the mortgages did not pass, because, a devise of land is a totally distinct thing from a gift of a mortgage debt. On the other hand, the plaintiffs claim that this is a mere mistake in the description of the property, and many authorities were cited to show that the courts will carry into effect the will of the testator, where it is clearly shown that it is an -error in 'description.
The rule established is very plain, that where it is clear that there was an intent that the property in question should pass, it will be held to pass, notwithstanding a misdescription, so long as there is enough of correspondence to afford the means of identifying the subject of the gift. The rule comes to this, that where it is necessary to carry out the intent that the will shall operate on the real estate, it will be held so to operate, although the«object is not thus described, and vice versa.
So when the devise is of land, and it turns out that the testator’s interest was a mortgage upon the-same.land, the la.w may-pass his estate as mortgagee, such as it actually existed, with all his rights and interests in the debt, and in the land itself growing out of that relation to it.. In a case like the present, where the testatrix once owned the land in fee, and had conveyed it, receiving a mortgage upon it for the purchase money, the intent to give such interest as she had in the land, or arising from it, is so. plain, that the court can have no hesitation in holding that the mortgage debts secured upon the lands devised passed to the objects of her bounty, as indicated by the gift of the lands.
It was contended, th’at-in truth the title was. revested in Mrs. Clarke by the mortgage, and that the mortgagor' had a mere *590 equity in the land. This was technically true, and it adds to the force of the reason founded on the manifest intent of the testatrix.
In such cases, the residuary devisees and legatees take the property in question as trustees for the persons for whom it was intended, and are bound to account for the proceeds, in the same manner as other trustees. The defendant must in this case account to the plaintiffs for the proceeds of the bonds and mortgages in question, as representing Benjamin Moore and his wife, by whom the same were received.
With respect to the six hundred acres mentioned in the will as divided into farms, it appears there were four leases of farms in that tract indorsed by the testatrix with the name of Samuel Clarke, of which farms all except one were disposed of either by him or by the testatrix in her lifetime. The defendant is shown to have received, on account of that farm, four hundred dollars, for which he is liable to the plaintiffs.
There must be a decree for an- account on the principles we have stated. Neither party will recover costs against the other to this time. All further questions and directions are reserved until the account is taken.